

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-21-2007

# USA v. Torres

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5296

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Torres" (2007). *2007 Decisions.* Paper 406.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/406

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No: 05-5296

UNITED STATES OF AMERICA

v.

ANGEL TORRES,

Appellant

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
District Court No.: 03-cr-355-2
District Judge: The Honorable Petrese B. Tucker

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
September 19, 2007

Before: SLOVITER, SMITH, and GARTH, *Circuit Judges*

(Filed: September 21, 2007)

OPINION

SMITH, *Circuit Judge*.

On February 10, 2005, a grand jury in the Eastern District of Pennsylvania indicted

Angel Torres on a variety of charges stemming from ten alleged gunpoint robberies of

1

bars, grocery stores, and pizzerias between December 27, 2003 and January 28, 2004.

Following a seven-day trial, a jury convicted Torres of all charges.[1]  The District Court

imposed a sentence of 262 years imprisonment.  Torres timely appealed.

Torres's sole argument on appeal is that the District Court abused its discretion by

declining to sever the counts for separate trials, as Torres requested.  However, all the

charges were properly joined as they were part of a common plan or scheme and evidence

from each of the robberies would have been admissible in separate trials to demonstrate

Torres's identity as one of the robbers.  *See* FED. R. CRIM. P. 8(a).  Therefore, Torres was

not prejudiced by a single trial covering all the charges.  *See* FED. R. CRIM. P. 14.  We

will affirm Torres's sentence.

The District Court had jurisdiction over claims involving violation of federal law

under 18 U.S.C. § 3231.  We have appellate jurisdiction over Torres's appeal under 28

U.S.C. § 1291.  The District Court's denial of Torres's motion for severance is reviewed

for abuse of discretion.  *See United States v. Hart*, 273 F.3d 363, 369 (3d Cir. 2001).

"Reversal of a conviction on the ground of abuse of discretion for failure to sever

an offense under Rule 14 is almost non-existent."  *United States v. Barrett*, 505 F.2d

1091, 1106 (7th Cir. 1974).  We have held that, "even if the district court abused its

---

[1]Torres was charged with one count of conspiracy to interfere with interstate commerce by robbery and ten counts of interference with interstate commerce by robbery, all in violation of the Hobbs Act, 18 U.S.C. § 1951, and ten counts of knowingly using and carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c).

discretion in denying the severance motion, the defendant must pinpoint clear and substantial prejudice resulting in an unfair trial." *United States v. McGlory*, 968 F.2d 309, 340 (3d Cir. 1992) (internal quotation marks omitted); *see United States v. Eufrasio*, 935 F.2d 553, 568 (3d Cir. 1991) ("If we decide the trial court abused its discretion denying severance, we must look to see whether appellants have pinpointed trial prejudice caused by the joinder they sought to avoid. Although a trial judge may have abused her discretion in denying a Rule 14 severance motion, we need reverse a conviction only if the appellant shows specifically that the denial caused trial prejudice. An appellant's burden is heavy: he must demonstrate clear and substantial prejudice resulting in a manifestly unfair trial." (internal citations and quotation marks omitted)). We have also noted that "[i]t is not enough to show that severance would have increased the defendant's chances of acquittal." *McGlory*, 968 F.2d at 340. Even where prejudice is possible, the district court need not order severance as "less drastic measures, such as limiting instructions, often will suffice." *Zafiro v. United States*, 506 U.S. 534, 539 (1993).

When considering whether a criminal defendant was prejudiced by joinder of multiple charges, we have considered factors such as whether the presentation of separate counts with distinct and extensive evidence confused the jury, whether the charging of several crimes made the jury hostile, and whether the jury was able to segregate the evidence as to each count. *United States v. Weber*, 437 F.2d 327, 332 (3d Cir. 1970); *see also United States v. Coleman*, 22 F.3d 126, 132 (7th Cir. 1994).

As to the first factor, the District Court gave the jury explicit instructions that it was to consider separately the evidence for each count. The jury is presumed to have followed its instructions. *See Greer v. Miller*, 483 U.S. 756, 766 n.8 (1987). Torres presents no evidence to rebut this presumption, apart from arguing that the robberies involved similar methods. Although the methods were similar, the jury was unlikely to confuse them as the crimes were not complex and were committed against distinct entities with easily distinguishable names. *See Weber*, 437 F.2d at 332 ("Although all the counts in the consolidated indictment related to Weber's alleged misuse of his union office, the jury was not likely to confuse one alleged transaction with another, because the various construction companies involved had separate and distinct names."). More importantly, Torres presented no evidence tending to show confusion, such as "that witnesses' responses at times indicated confusion as to which crime counsel were referring to in their questions." *Drew v. United States*, 331 F.2d 85, 93 (D.C. Cir. 1964).

As to the second factor, the crimes did not differ so greatly in nature that one was more likely to arouse hostility than another. Although some of the crimes involved injury to others, all the counts arose from gunpoint robberies.

As to the third factor, an important consideration is "[w]hether the two indictments were consolidated or severed, it is possible that [Torres] would have been confronted with substantially the same evidence, because evidence of each of the joined offenses would be admissible in a separate trial for the other." *Weber*, 437 F.2d at 332; *see Eufrasio*, 935 F.2d at 570-71 (holding that severance was not required where the same evidence could

4

have been admitted for all counts). Evidence of other offenses is admissible for any purpose other than to show a mere propensity or disposition to commit a crime. *Weber*, 437 F.2d at 332-33. In Torres's case, each offense was relevant to show a common plan to rob similar commercial establishments within a few miles of each other at gunpoint and to establish Torres's identity as one of the robbers.

Therefore, Torres has failed to carry his burden of showing actual prejudice from joinder of the claims against him. Torres also adds that the cases against him were "weak" and that the Government would have not been able to obtain convictions in separate trials. Torres is mistaken, particularly as his partner in every robbery, Jaime Valentin, gave the police a detailed account of each crime and inculpatory evidence was recovered from Torres's van. Finally, Torres concludes with a brief argument that prosecutions for armed robbery have no business in federal court. Irrespective of the academic appeal of this argument, it is frivolous under the present scope of federal power. *See United States v. Haywood*, 363 F.3d 200, 211 n.7 (3d Cir. 2004) (holding that the robbery of a single bar that purchased beer in interstate commerce could be prosecuted under federal law).